# SUPERIOR COURT,

## FALL SESSIONS,

## 1887.

————•————

CLARA R. JONES *v.* E. W. CANNON, admr. of L. R. Ellegood, deceased.

*Married Women—Exemption—Deed—Administrator.*

A married woman may deal with her sole property independently of the control of her husband and without liability for his debts.

A married woman cannot sue her husband in a court of law but a court of equity may compel the husband to pay money to her which belongs to her in her sole right.

There is no exemption law applicable to Sussex County ; nor shall the appraisers of the estate of a deceased person set apart any property for the sole use of the widow.

A person to whom a deed for real estate is made is presumed to have paid his own money for it ; but this presumption may be overthrown by proof.

Where the purchase money for real estate was paid by the husband and the deed made to his wife, it may be shown to have been a payment of money due her from her husband and therefore the payment to have been with her money.

The widow of the deceased may recover from the administrator of the estate of her husband the value of her sole property taken and sold by him ; and also the price of her husband's coffin which was paid for with her own money before administration.

*(Sussex, October, 1887.)*

ASSUMPSIT for money had and received.

The plaintiff was the widow of Luke R. Ellegood, deceased.

Clara R. Jones was married to Ellegood 7th June, 1869. I bought the first furniture we had, except an old cook stove. Moved to Lewes in the fall of 1878. We were burnt out there, the furniture was all mine and was totally burnt. I owned a tract of land in the county, and my husband traded it off for a mare, which became my property. I demanded it after his death of Mr. Cannon, his administrator, who refused to deliver it to me, and

sold it afterwards as administrator. She also made a written demand on him, as administrator, for her exemption as widow under the statute, and afterwards made a verbal demand of the appraisers for the same.

Rachel A. Barker, mother of preceding witness. Mr. Jones made Mrs. Ellegood, the plaintiff, a present of a horse and carriage, which she let her husband, L. R. Ellegood, have, and for which he agreed to pay her one hundred and fifty dollars.

Wm. D. Barker, testified: When Mr. Ellegood brought the mare home from Mr. Cannon, I heard him tell his wife that he had traded the land off for a mare and carriage for her.

Ida Barker corroborated the testimony of the next preceding witness.

Wm. Fosque was at the administrator's sale and heard Mrs. Ellegood demand the mare as her property.

John T. Long was the auctioneer. Proves the same.

Wm. C. Parkhurst testified that Mrs. Jones made a demand on me as an appraiser of her husband's goods and chattels for her exemption under the statute.

Rufus Warren proves a written demand of the plaintiff on Mr. Cannon, the administrator for the same.

Samuel Layton was one of the appraisers. On the day of the appraisement Mrs. Ellegood made a verbal demand on me for her exemption under the statute.

John C. Hazzard testified: I had a judgment note for $45 against Robert Rickards (ad.) who sold a piece of land to            , and he and I went with Luke Ellegood into his house when he said something to his wife to the effect that I was Mr. Hazzard, who had called to get the money due on the land, and she went up stairs and came down and placed the amount due me in my hands.

Robert Rickards testified: I sold the land for $75. I was paid $5 and the balance was paid to Mr. Hazzard on a bill I owed him.

Charles M. Cullen proves that he paid in 1879 the sum of $337 to the plaintiff, Mr. Ellegood, due to her for insurance on furniture destroyed by fire.

Mr. Cannon, the administrator, testified: The estate is insolvent, but I did not know it at the time of the sale.

Plaintiff closes here.

Geo. W. Hatfield swore: Made Ellegood's coffin. Bill was $55 Mrs. Ellegood came around and paid me $50 on it. She came back afterwards and said she had learnt that an administration had been granted on her husband's estate, and wanted me to give the money back to her, which I declined to do.

Prothonotary drew the deed to Clara R. Ellegood from Robert Rickards at her husband's request, L. R. Ellegood, he first told me to draw the deed to him, but when I asked him if he wanted it drawn to him, he declined "hello, no, draw it to Clara."

Wm. J. Parkhurst saw Mr. Cannon and L. R. Ellegood exchange horses when the latter got the mare in question from him.

*Robinson*, for plaintiff: An action for money had and received will be in this case against the administrator individually.

*Husband on mar. women*, Sec. 187; 25 Penna. S. Rep. 255; 2 Alden, 310; 95 Mass., 120; 1 Harr., 446; 4 Harr., 468.

Personally liable for the $50 paid by plaintiff for coffin.

3 *Wms. on Exrs.*, 1886; 2 Kent Com., 164, 166, 173; *Kelly on Contracts of Married Women*, Sec. 10; Chap. 6; 31 Md., 240; 2 Bish., Sec. 360; *Schonler on husband and wife*, Sec. 395; 114 Mass., 520; 13 Reporter, 204; *Rev. Code*, 673–4; 15 Del. Laws, 619; 16 Del. Laws, 214; passed March 28, 1879., Lake R. Ellegood died September 5, 1881.

*Moore*, for defendant: There is no exemption law in force in this county. The act in 15 vol., 619, is a supplement to the statute in the Rev. Code, 673, and is repealed by the act in 16 vol., 214, March 28, 1879, and neither after its passage had any force

or effect in it.    The widow is to select from the personal property
the articles, not exceeding in value two hundred dollars, which are
to be laid off, or set apart for her use by the appraisors, not the
administrator.    But the demand was in writing and was condi-
tional, that if the estate is returned or proves insolvent, I hereby
claim my two hundred dollars exemption as will be allowed me by
the laws of the state.

But she should have claimed her exemption against Sheriff
Martin, who was there with an execution in his hands, levied on
the goods, and which were sold by the administrator subject to it,
and which was afterwards paid out of the proceeds of the sale to
the sheriff by the administrator.

Can the wife become a creditor of the husband ?

A contract between a husband and wife is a nullity, unless it
is authorized by statute.    A husband cannot become a debtor to his
wife.

1 Bl. Com., 442; 51 Am. Decisions, 405; 47 Ibid, 49; 4
Del. Ch., 589; 2 Bishop, paragraph 324, 336; 3 Allen, 127, 315;
4 Ibd., 12, 416; 112 Mass., 99; 112 Mass., 246; 105 Mass., 115;
54 Am. Decisions, 620.    *Schonler, &c.,* cited on the other side, Sec.
52.    *Husbands, &c.,* cited on the other side, Sec. 187.


*Robinson,* for plaintiff:    The opinion of the bar in this
county has been that the *second* section of the act was not repealed.


The plaintiff prays the Court to charge as follows :

1. That if they shall find that the plaintiff is the grantee
named in the deed from Robert Rickards, which conveys the lands
afterwards traded by her then husband with the defendant.    That
then and in that case the burden of proof is upon the defendant to
show that the said lands were purchased with the money, goods and
effects of Luke R. Ellegood, the then husband of the grantee, and
not with the money, goods and effects of the plaintiff, the said
grantee.

2. That if they shall find that the plaintiff received a horse and carriage for her wages for her personal labor rendered to another person than her then husband, Luke R. Ellegood, deceased, and that she afterwards sold the said horse and carriage to her then husband, Luke R. Ellegood, deceased, upon his promise to repay her therefor the sum of one hundred and fifty dollars, and that the said lands were conveyed to her by the said Robert Rickards, upon the understanding between her and her said husband that it was to be in part payment of said sum of one hundred and fifty dollars, that that was a sufficient consideration for said deed, and that said deed was and is good and effectual against the creditors and personal representatives of said Luke R. Ellegood, deceased.

3. That if they shall find that in performance of the contract made with said Robert Rickards by her said husband, the plaintiff paid to John C. Hazzard the sum of fifty-eight dollars in part payment of the consideration for said lands, that then and in that case the presumption is that the said sum was so paid with her own money, and not with the money of her said husband and that the burden of proof is upon the defendant to show and prove that the money so paid by her was the money of her said husband if he so claims the fact to be.

THE COURT, COMEGYS, C. J., charged the jury: Defines what is meant by a married woman having a separate property. Courts of law have always protected such property for her, such property she could always deal with independent of the control of her husband. At common law this had to be done through the instrument of a deed of trust or settlement; but it now may be done under our statute without the instrumentality of a deed of trust. Whatever was bought with her money for her use and to be her property, became her separate property. A married woman, however, cannot sue her husband in a court of law under our statute, if he borrows from her money belonging to her in sole right, a court of equity may compel him to repay it to her.

The act in relation to exemptions were entirely repealed by the repealing act with reference to Sussex County.

1. That the presumption is that the person to whom a deed is made, paid his own money for it: but where the consideration is called in question, and evidence is given from which the jury may draw the conclusion that the consideration money paid was not that of the grantee but of some other person whose land, it is alleged by the party disputing the fact of payment by the grantee, to be —the duty is cast upon such grantee or person asserting the payment by the grantee to prove the fact to the satisfaction of the jury; otherwise the presumption is to be taken to be overthrown.

2. That if the jury should believe from the testimony that the horse and carriage mentioned was purchased by the plaintiff with the fruits of her own labor, and that she sold the.same to her husband for the price of one hundred and fifty dollars. and that in the purchase by her husband from Robert Rickards it was arranged between her and her husband that the purchase should be made for her benefit, and the deed be made to her in part payment of the said sum of one hundred and fifty dollars, then the land belonged to her for her separate use, and could not be reached by his creditors.

3. That if the jury believe from the testimony that the money alleged to have been paid by the husband of the plaintiff was in discharge in part of the said sum of one hundred and fifty dollars, alleged, as aforesaid, to be the price of the horse and carriage, claimed to have been sold by the plaintiff to her husband, and that the same was paid by him for his said wife, and in discharge *pro tanto* of his indebtedness, then the jury are warranted in concluding that the Rickard's land was conveyed to her *bona-fide* unless such inference is rebutted by the facts and circumstances shown in proof by the defendant, Cannon.

4. That the act passed on the 22d of March, 1877, the second section of which requires appraisers to appraise and set apart for widow of an intestate for her own use, such of the goods and chat-

tels of her husband as she may select, not exceeding two hundred dollars in value, has had no operation in the county of Sussex since the passage of Chap. 146 of the 16th Volume of the Laws.

5. That if the jury believe from all the testimony that the mare in question was in fact the property of the plaintiff and not that of her husband, then she is entitled to recover the price for which the same was sold by the administrator, and interest from that time; but if they believe from that testimony that it was the property of her husband then she is not entitled to recover it.

6. That unless the jury are satisfied from the testimony that the defendant did not pay back to the plaintiff the sum of fifty dollars which she paid to Hatfield for the coffin, she is not entitled to recover that amount and interest on it from the time it was paid.

Verdict for the plaintiff.